**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAGOBERTO FAVILA and EMMA ESTEVANE )<br>  )<br>Plaintiffs, )<br>  )<br>v. )<br>  )<br>CITY OF CHICAGO, a Municipal Corporation; )<br>SERGEANT DEJESUS, Individually and in )<br>his Official Capacity as a Chicago Police Officer; )<br>OFFICER JOHN DOE, Individually and in his )<br>Official Capacity and SEVERAL UNKNOWN )<br>POLICE OFFICERS; Individually and their )<br>Official Capacity as a Chicago Police Officers, )<br>  )<br>Defendants. ) | FILED: MAY 29, 2009<br>09CV3265<br>JUDGE SHADUR<br>MAGISTRATE JUDGE SCHENKIER<br>BR<br><br>No. 07cv99999 |

**COMPLAINT AT LAW**

Now Comes the Plaintiffs, DAGOBERTO FAVILA and EMMA ESTEVANE, by and through their attorneys, Law Offices of Jerome F. Marconi, and complaining of the Defendants, CITY OF CHICAGO, a municipal corporation, SERGEANT JOHN DEJESUS, OFFICER JOHN DOE and SEVERAL UNKNOWN CHICAGO POLICE OFFICERS in their individual and official capacities as Chicago Police Officers, state as follows:

**PARTIES**

1.      Plaintiff, Dagoberto Favila, ("Favila"), is a citizen of the United States and a resident of Chicago, Cook County, Illinois.

2.      Plaintiff, Emma Estevane, ("Estevane"), is a citizen of the United States and is a resident of Chicago, Cook County, Illinois.

3.      Defendant, City of Chicago ("City"), is a municipal corporation organized under the laws of the State of Illinois.

4.	Sergeant DeJesus ("DeJesus"), is a citizen of the United States. At all times relevant, DeJesus was a sworn member of the Chicago Police Department and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Defendant City.

5.	Officer John Doe ("Doe"), is a citizen of the United States. At all times relevant, Doe was a sworn member of the Chicago Police Department and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Defendant City.

6.	Defendants, Several Unknown Police Officers ("Unknown Police Officers"), are residents of the City of Chicago, Illinois. At all times relevant, the Unknown Police Officers were sworn members of the Chicago Police Department and acting under color of law and within the scope of their employment as agents, servants, and/or employees of the Defendant City.

## JURISDICTION AND VENUE

7.	This is an action brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Illinois.

8.	This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

9.	Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that all Defendants are residents of this District and all the acts or omissions which give rise to this cause of action occurred in this District.

## FACTS

10.	On or about September 24, 2008, at approximately 9:30 p.m., Plaintiff Estevane

was present within her home at 2912 N. Springfield, 1st Floor, Chicago, Illinois. Estevane is a legal owner of the building located at 2912 N. Springfield, Chicago, Illinois.

11. Estevane was not violating any laws or engaging in any criminal activity when she was present in her home.

12. At all relevant times, Estevane leased the second floor apartment to Plaintiff Favila. Favila's apartment had a separate entrance from the home of Estevane.

13. On or about September 24, 2008, at approximately 9:30 p.m., Favila was sitting on the front porch at 2912 N. Springfield, Chicago, Illinois. Favila was not violating any laws or engaging in any criminal activity when sitting on the front porch at 2912 N. Springfield, Chicago, Illinois.

14. While on the front porch, Favila observed several vehicles pull up in the front of 2912 N. Springfield. Several men with guns quickly got out of the cars. Fearing the men were gang members, Favila took the keys out of his pocket and attempted to unlock the door leading to his second floor apartment.

15. As Favila was trying to enter his home, he heard a male voice yell for him to put his hands in the air. Favila then realized that the men were plainclothes police officers.

16. While Favila had his hands in the air he turned to Officer Doe who was standing next to Favila. Several of the Unknown Police Officers were standing on the front porch at the time.

17. Before Favila could say anything, Officer Doe punched Favila in the face knocking him to the ground and fracturing his nose. While Favila lay on the ground bleeding profusely from the nose, Defendant Doe and several Unknown Police Officers placed their knees

3

into Favila's back. The Unknown Police Officers struck Favila in the ribs and stomach while Favila was being detained.

19. As Favila lay bleeding on the ground, Favila observed several Unknown Police Officers break down the front door of 2912 N. Springfield. Favila remained outside while the Unknown Police Officers entered Estevane's home.

19. During the time Officer Doe and the Unknown Police Officers were beating Favila, Estevane heard loud voices outside and something being slammed against her front door. Estevane immediately retrieved her telephone and dialed 911.

20. While on her phone, several Unknown Police Officers broke down Estevane's front door and entered her home. An Unknown Police Officer grabbed the phone out of Estevane's hand and threw the phone on her sofa. Another Unknown Police Officer told Estevane to "shut up" and commanded Estevane to get on her knees. Estevane complied with the Defendant Officer's order.

21. While Estevane was kneeling on the floor, an Unknown Police Officer handcuffed Estevane's hands behind her back. Estevane observed that several of the Unknown Police Officers began to search several rooms in her home while several Unknown Police Officers remained in the room with Estevane.

22. Sergeant DeJesus was one of the police officers who broke down Estevane's door and took her into custody. Estevane requested that DeJesus provide her with a copy of any search warrant to her home. DeJesus never showed Estevane a search warrant or left a copy of a search warrant after leaving the house. In fact, there was never a search warrant issued for 2912 N. Springfield, Chicago, Illinois.

23. DeJesus informed Estevane that Favila was bleeding and needed a towel. After the handcuffs were removed from Estevana's wrists, Estevane observed Favila lying on the ground bleeding from the face. Estevana provided a blanket to Favila while he waited for the ambulance to arrive.

24. As a result of the unprovoked beating by Officer Doe and several Unknown Police Officers, Favila received emergency medical treatment and subsequently underwent surgery.

## COUNT I - §1983 -DEFENDANT OFFICER JOHN DOE
### (Plaintiff Favila - Excessive Force)

25. Plaintiff realleges paragraphs 1-24 of this Complaint as paragraphs 1-24 of Count I as though fully set forth herein.

26. The conduct of Defendant John Doe in punching, striking and knocking Favila to the ground was objectively unreasonable and constituted an excessive use of force in that the Defendant Does's conduct was not reasonably necessary under the circumstances. Further, the conduct of Defendant Doe was done deliberately and maliciously with the intent to injure Favila. Defendant Doe's conduct violated Favila's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

27. As a direct and proximate result of Defendant Doe's conduct, Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, emotional distress, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against Defendant John Doe and award him compensatory damages in the amount of $500,000.00, attorney

fees and costs, punitive damages and any other equitable or legal damages to which plaintiff is entitled.

### COUNT II - §1983 -DEFENDANT UNKNOWN POLICE OFFICERS
**(Plaintiff Favila - Excessive Force)**

28. Plaintiff realleges paragraphs 1-27 of this Complaint as paragraphs 1-27 of Count II as though fully set forth herein.

29. The conduct of Defendants Several Unknown Police Officers in punching, kicking, striking and knocking Favila to the ground was objectively unreasonable and constituted an excessive use of force in that the Defendant Does's conduct was not reasonably necessary under the circumstances. Further, the conduct of Defendant Several Unknown Officers was done deliberately and maliciously with the intent to injure Favila. Defendant Several Unknown Officer's conduct violated Favila's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

30. As a direct and proximate result of Defendant Several Unknown Police Officer's conduct, Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, emotional distress, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against Defendant Several Unknown Police Officers and award him compensatory damages in the amount of $500,000.00, attorney fees and costs, punitive damages and any other equitable or legal damages to which plaintiff is entitled.

**COUNT III - §1983 -DEFENDANT DEJESUS and
SEVERAL UNKNOWN POLICE OFFICERS**
**(Plaintiff Estevane - Unlawful Search and Seizure)**

31.   Plaintiff realleges paragraphs 1- 30 of this Complaint as paragraphs 1- 30 of Count III as though fully set forth herein.

32.   When Defendant DeJesus and Defendants Unknown Police Officers entered the home of Plaintiff Estevane, they did not have probable cause or consent to enter into and/or search Estevane's home.

33.   Defendant DeJesus and Several Unknown Police Officer's nonconsenual entry and search of Estevane's home as well as the temporary seizure of Estevane was in violation of Estevane's Fourth Amendment right to be free from unreasonable searches and seizures.

34.   As a direct and proximate result of Defendants' conduct, Estevane suffered compensable injuries, including but not limited to emotional distress, humiliation and attorney fees.

   WHEREFORE, Plaintiff, Emma Estevane, prays for judgment in her favor and against Defendants DeJesus and Unknown Officers and award her such legal and equitable damages to which she is entitled, including attorney fees, and punitive damages against Defendants DeJesus and Unknown Police Officers.

**COUNT IV - 42 U.S.C. §1983 - DEFENDANT DEJESUS**
**(Plaintiff Favila - Failure to Intervene)**

35.   Plaintiff realleges paragraphs 1-34 of this Complaint as paragraphs 1-34 of Count IV as though fully set forth herein.

36.   Defendant DeJesus was present while Defendant John Doe and several Unknown

Police Officers beat and kicked Favila. Despite observing Favila bleeding profusely from his face and being kicked while on the ground, Defendant DeJesus failed to intervene in the beating of Favila. Defendant DeJesus' actions were objectively unreasonable and violated Favila's right not to be deprived of life, liberty, or property without due process of law as guaranteed to Favila under the Fourteenth Amendment to the United States Constitution and to be free from unreasonable seizures under the Fourth Amendment.

37. As a direct and proximate result of Defendant DeJesus' conduct, Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, emotional distress, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against Defendant DeJesus and award him compensatory damages, attorney fees and costs, punitive damages and any other equitable or legal damages to which plaintiff is entitled.

## COUNT V - 42 U.S.C. §1983 - DEFENDANT UNKNOWN OFFICERS
### (Plaintiff Favila - Failure to Intervene)

38. Plaintiff realleges paragraphs 1-37 of this Complaint as paragraphs 1-37 of Count V as though fully set forth herein.

39. Several Defendant Unknown Police Officers were present while Defendant John Doe and several other Unknown Police Officers beat and kicked Favila. Despite observing Favila bleeding profusely from his face and being kicked while on the ground, Defendant DeJesus failed to intervene in the beating of Favila. Defendant DeJesus' actions were objectively unreasonable and violated Favila's right not to be deprived of life, liberty, or property without due process of law as guaranteed to Favila under the Fourteenth Amendment to the United States Constitution and to be

free from unreasonable seizures under the Fourth Amendment.

40. As a direct and proximate result of Defendant DeJesus' conduct, Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, emotional distress, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against Defendant DeJesus and award him compensatory damages, attorney fees and costs, punitive damages and any other equitable or legal damages to which plaintiff is entitled.

### COUNT VI - BATTERY
### (Plaintiff Favila - Officer John Doe and City of Chicago)

41. Plaintiff Favila realleges paragraphs 1- 40 of this Complaint as paragraphs 1- 40 of Count VII as though fully set forth herein.

42. Defendant, City of Chicago, by and through its agent, servant, and/or employee, Defendant John Doe, intentionally, willfully, wantonly, and without legal justification made unlawful physical contact with and caused bodily harm to Favila.

43. As a direct and proximate result of Defendants' City of Chicago and Doe's intentional and deliberate actions, Plaintiff Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against Defendants City of Chicago and Officer John Doe and award him compensatory damages in the amount of $500,000.00, attorney fees and costs, punitive damages (against Officer John Doe only) and any other equitable or legal damages to which plaintiff is entitled.

### COUNT VII - BATTERY
### (Plaintiff Favila - Several Unknown Police Officers)

44. Plaintiff Favila realleges paragraphs 1- 43 of this Complaint as paragraphs 1- 43 of Count VII as though fully set forth herein.

45. Defendant, City of Chicago, by and through its agent, servant, and/or employee, Defendant Unknown Police Officers, intentionally, willfully, wantonly, and without legal justification made unlawful physical contact with and caused bodily harm to Favila.

46. As a direct and proximate result of Defendants' City of Chicago and Unknown Police Officers' intentional and deliberate actions, Plaintiff Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, emotional distress and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against Defendants City of Chicago and Unknown Police Officers and award him compensatory damages, attorney fees and costs, punitive damages (against Unknown Police Officers only) and any other equitable or legal damages to which plaintiff is entitled.

### COUNT VIII
### (Indemnification - City of Chicago)

47. Plaintiffs Favila and Estevane reallege paragraphs 1- 46 of this Complaint as paragraphs 1- 46 of Count VIII as though fully set forth herein.

48. At all relevant times, the Defendants DeJesus, Officer John Doe and several Unknown Police Officers were acting under the color of law and within the scope and course of their employment with the City of Chicago.

49. At all relevant times, the Defendant City of Chicago was the employer of Defendants

Sergeant DeJesus, Officer John Doe and several Unknown Police Officers.

WHEREFORE, Plaintiffs Dagoberto Favila and Emma Estevane, pursuant to 745 ILCS 10/9-102, demands judgment from Defendant City of Chicago, for the amount awarded to the plaintiffs against Individually named Defendant police officers Sergeant DeJesus, Officer John Doe and Unknown Police Officers and for whatever additional relief this Honorable Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                                        Respectfully submitted,

                                        /s Jerome F. Marconi
                                        Jerome F. Marconi
                                        Attorney for Plaintiffs

Jerome F. Marconi
Law Offices of Jerome F. Marconi
555 W. Jackson
Suite 700
Chicago, Illinois 60661
(312) 930-5645