IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAGOBERTO FAVILA and EMMA ESTEVANE | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CITY OF CHICAGO, a Municipal Corporation; SERGEANT DEJESUS, Individually and in his Official Capacity as a Chicago Police Officer; OFFICERS Jon Ohlicher, Angeilly Lopez, Brock Merck, Diego Carvajal, Rafael Magallon Matthew Hoyas, Roger Williams, William O'Brien Willie Bolanos, Scott Konior, Julian Vega, John Swarbrick, Denis Sugrue, Individually and in their Official Capacity as a Chicago Police Officers | ) ) ) ) ) ) ) ) ) ) ) | No. 09 C 3265 Judge Milton Shadur Magistrate Judge Schenkier |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT AT LAW**

Now Comes the Plaintiffs, DAGOBERTO FAVILA and EMMA ESTEVANE, by and through their attorneys, Law Offices of Jerome F. Marconi, and complaining of the Defendants, CITY OF CHICAGO, a municipal corporation, SERGEANT JOHN DEJESUS and Officers Jon Ohlicher, Angeilly Lopez, Brock Merck, Diego Carvajal, Rafael Magallon, Matthew Hoyas, Roger Williams, William O'Brien, Willie Bolanos, Scott Konior, Julian Vega, John Swarbrick and Denis Sugrue in their individual and official capacities as Chicago Police Officers, state as follows:

**PARTIES**

1. Plaintiff, Dagoberto Favila, ("Favila"), is a citizen of the United States and a resident of Chicago, Cook County, Illinois.

2. Plaintiff, Emma Estevane, ("Estevane"), is a citizen of the United States and is a resident of Chicago, Cook County, Illinois.



EXHIBIT A

3. Defendant, City of Chicago ("City"), is a municipal corporation organized under the laws of the State of Illinois.

4. Sergeant DeJesus ("DeJesus"), is a citizen of the United States. At all times relevant, DeJesus was a sworn member of the Chicago Police Department and acting under color of law and within the scope of his employment as an agent, servant, and/or employee of Defendant City.

5. Officers Jon Ohlicher, Angeilly Lopez, Brock Merck, Diego Carvajal, Fafael Magallon, Matthew Hoyas, Roger Williams, William O'Brien, Willie Bolanos, Scott Konior, Julian Vega, John Swarbrick and Denis Sugrue ("Defendant Police Officers") are citizens of the United States. At all times relevant, Defendant Police Officers were sworn members of the Chicago Police Department and acting under color of law and within the scope of his employment as agents, servants, and/or employees of Defendant City.

## JURISDICTION AND VENUE

6. This is an action brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of Illinois.

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391, in that all Defendants are residents of this District and all the acts or omissions which give rise to this cause of action occurred in this District.

## **FACTS**

9. On or about September 24, 2008, at approximately 9:30 p.m., Plaintiff Estevane was present within her home at 2912 N. Springfield, 1st Floor, Chicago, Illinois. Estevane is a legal owner of the building located at 2912 N. Springfield, Chicago, Illinois.

10. Estevane was not violating any laws or engaging in any criminal activity when she was present in her home.

11. At all relevant times, Estevane leased the second floor apartment to Plaintiff Favila. Favila's apartment had a separate entrance from the home of Estevane.

12. On or about September 24, 2008, at approximately 9:30 p.m., Favila was sitting on the front porch at 2912 N. Springfield, Chicago, Illinois. Favila was not violating any laws or engaging in any criminal activity when sitting on the front porch at 2912 N. Springfield, Chicago, Illinois.

13. While on the front porch, Favila observed several vehicles pull up in the front of 2912 N. Springfield. Several men with guns quickly got out of the cars. Fearing the men were gang members, Favila took the keys out of his pocket and attempted to unlock the door leading to his second floor apartment.

14. As Favila was trying to enter his home, he heard a male voice yell for him to put his hands in the air. Favila then realized that the men were plainclothes police officers.

15. Favila placed his hands in the air and turned to the Defendant Police Officers who were standing on and around the porch next to Favila.

16. Before Favila could say anything, one of the Defendant Police Officers punched Favila in the face knocking him to the ground and fracturing his nose. While Favila lay on the

ground bleeding profusely from the nose, some of the Defendant Police Officers placed their knees into Favila's back. Other Defendant Police Officers struck Favila in the ribs and stomach while Favila was being detained.

17. As Favila lay bleeding on the ground, Favila observed the Defendant Police Officers break down the front door of 2912 N. Springfield. The Defendant Police Officers did not identify themselves as police officers as they entered Estevane's home.

18. While the Defendant Police Officers were beating Favila, Estevane heard loud voices outside and something being slammed against her front door. Estevane immediately retrieved her telephone and dialed 911.

19. When the Defendant Police Officers entered Estevane's home, one of the Defendant Police Officer grabbed the phone out of Estevane's hand and threw the phone on her sofa. Another Defendant Police Officer told Estevane to "shut up" and commanded Estevane to get on her knees. Estevane complied with the Defendant Officer's order.

20. While Estevane was kneeling on the floor, a Defendant Police Officer handcuffed Estevane's hands behind her back. Estevane observed that several of the Defendant Police Officers began to search several rooms in her home while the other Defendant Police Officers remained in the room with Estevane.

21. Sergeant DeJesus was one of the police officers who broke down Estevane's door and took her into custody. Estevane requested that DeJesus provide her with a copy of a search warrant to her home. DeJesus never showed Estevane a search warrant or left a copy of a search warrant after leaving the house. In fact, there was never a search warrant issued for 2912 N. Springfield, Chicago, Illinois.

22. DeJesus informed Estevane that Favila was bleeding and needed a towel. After the handcuffs were removed from Estevana's wrists, Estevane observed Favila lying on the ground bleeding from the face. Estevana provided a blanket to Favila while he waited for the ambulance to arrive.

23. As a result of the unprovoked beating by the Defendant Police Officers, Favila received emergency medical treatment and subsequently underwent surgery.

**COUNT I - §1983 -DEFENDANT POLICE OFFICERS**
**(Plaintiff Favila - Excessive Force)**

24. Plaintiff realleges paragraphs 1-23 of this First Amended Complaint as paragraphs 1-23 of Count I as though fully set forth herein.

25. The conduct of the Defendant Police Officers in punching, striking and knocking Favila to the ground was objectively unreasonable and constituted an excessive use of force in that the Defendant Police Officers' conduct was not reasonably necessary under the circumstances. Further, the conduct of Defendant Police Officers' was done deliberately and maliciously with the intent to injure Favila. The Defendant Police Officers' conduct violated Favila's right not to be deprived of life, liberty, or property without due process of law and to be accorded the equal protection of the laws as guaranteed to Plaintiff under the Fourteenth Amendment to the United States Constitution.

26. As a direct and proximate result of the Defendant Police Officers' conduct, Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, emotional distress, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against

Defendant Police Officers' and award him compensatory damages in the amount of $500,000.00, attorney fees and costs, punitive damages and any other equitable or legal damages to which plaintiff is entitled.

### COUNT II - §1983 -DEFENDANT DEJESUS and DEFENDANT POLICE OFFICERS
**(Plaintiff Estevane - Unlawful Search and Seizure)**

27. Plaintiff realleges paragraphs 1- 26 of this Complaint as paragraphs 1- 26 of Count II as though fully set forth herein.

28. When Defendant DeJesus and Defendant Police Officers entered the home of Plaintiff Estevane, they did not have probable cause or consent to enter into and/or search Estevane's home.

29. Defendant DeJesus and Defendant Police Officers' nonconsenual entry and search of Estevane's home as well as the seizure of Estevane was in violation of Estevane's Fourth Amendment right to be free from unreasonable searches and seizures.

30. As a direct and proximate result of Defendants' conduct, Estevane suffered compensable injuries, including but not limited to emotional distress, humiliation and attorney fees.

WHEREFORE, Plaintiff, Emma Estevane, prays for judgment in her favor and against Defendants DeJesus and Defendant Police Officers and award her such legal and equitable damages to which she is entitled, including attorney fees, and punitive damages against Defendants DeJesus and Defendant Police Officers.

## COUNT III - 42 U.S.C. §1983 - DEFENDANT DEJESUS
(Plaintiff Favila - Failure to Intervene)

31.     Plaintiff realleges paragraphs 1-30 of this Complaint as paragraphs 1-30 of Count III as though fully set forth herein.

32.     Defendant DeJesus was present while Defendant Police Officers beat and kicked Favila. Despite observing Favila bleeding profusely from his face and being kicked while on the ground, Defendant DeJesus failed to intervene in the beating of Favila. Defendant DeJesus' actions were objectively unreasonable and violated Favila's right not to be deprived of life, liberty, or property without due process of law as guaranteed to Favila under the Fourteenth Amendment to the United States Constitution and to be free from unreasonable seizures under the Fourth Amendment.

33.     As a direct and proximate result of Defendant DeJesus' conduct, Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, emotional distress, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against Defendant DeJesus and award him compensatory damages, attorney fees and costs, punitive damages and any other equitable or legal damages to which plaintiff is entitled.

## COUNT IV - 42 U.S.C. §1983 - DEFENDANT POLICE OFFICERS
(Plaintiff Favila - Failure to Intervene)

34.     Plaintiff realleges paragraphs 1-33 of this Complaint as paragraphs 1-33 of Count IV as though fully set forth herein.

35.     The Defendant Police Officers were present while some of the remaining Defendant Police Officers beat and kicked Favila. Despite observing Favila bleeding profusely from his face and being kicked while on the ground, Defendant Police Officers failed to intervene in the beating

of Favila. Defendant Police Officers' actions were objectively unreasonable and violated Favila's right not to be deprived of life, liberty, or property without due process of law as guaranteed to Favila under the Fourteenth Amendment to the United States Constitution and to be free from unreasonable seizures under the Fourth Amendment.

36. As a direct and proximate result of Defendant Police Officers' conduct, Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, emotional distress, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against Defendant Police Officers and award him compensatory damages, attorney fees and costs, punitive damages and any other equitable or legal damages to which plaintiff is entitled.

## COUNT V - BATTERY
**(Plaintiff Favila - Defendant Police Officers and City of Chicago)**

37. Plaintiff Favila realleges paragraphs 1- 36 of this Complaint as paragraphs 1- 36 of Count V as though fully set forth herein.

38. Defendant, City of Chicago, by and through its agent, servant, and/or employee, Defendant Police Officers, intentionally, willfully, wantonly, and without legal justification made unlawful physical contact with and caused bodily harm to Favila.

39. As a direct and proximate result of the Defendants', City of Chicago and Defendant Police Officers, intentional and deliberate actions, Plaintiff Favila suffered severe and permanent personal injuries, including but not limited to physical pain and suffering, a fractured nose, and attorney fees.

WHEREFORE, Plaintiff, Dagoberto Favila, prays for judgment in his favor and against

Defendants City of Chicago and Officer John Doe and award him compensatory damages in the amount of $500,000.00, attorney fees and costs, punitive damages (against Individual Defendants only) and any other equitable or legal damages to which plaintiff is entitled.

### COUNT VI
**(Indemnification - City of Chicago)**

40.     Plaintiffs Favila and Estevane reallege paragraphs 1- 39 of this Complaint as paragraphs 1- 39 of Count VI as though fully set forth herein.

41.     At all relevant times, the Defendants DeJesus and Defendant Police Officers were acting under the color of law and within the scope and course of their employment with the City of Chicago.

42.     At all relevant times, the Defendant City of Chicago was the employer of Defendants Sergeant DeJesus and  Defendant Police Officers.

WHEREFORE, Plaintiffs Dagoberto Favila and Emma Estevane, pursuant to 745 ILCS 10/9-102, demands judgment from Defendant City of Chicago, for the amount awarded to the plaintiffs against Individually named Defendants and for whatever additional relief this Honorable Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

          Respectfully submitted,

          /s *Jerome F. Marconi*
          Jerome F. Marconi
          Attorney for Plaintiffs

Jerome F. Marconi
Law Offices of Jerome F. Marconi
555 W. Jackson
Suite 700
Chicago, Illinois 60661
(312) 930-5645