```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

DAGOBERTO FAVILA, et al.,          )
                                   )
               Plaintiffs,         )
                                   )
     v.                            )    No. 09 C 3265
                                   )
CITY OF CHICAGO, et al.,           )
                                   )
               Defendants.         )

MEMORANDUM ORDER

Whether or not an outgrowth of the recent pronouncement by Superintendent of Police Jody Weis that the norm in 42 U.S.C. §1983 ("Section 1983") actions against police officers from here on out will be trial rather than settlement, recent cases assigned to this Court's calendar (and presumably to those of its colleagues as well) have frequently found outside law firms rather than the City of Chicago's Corporation Counsel's office representing the officers in such cases.[1] This Court looks forward to the involvement of such firms--but not if they bring with them the type of lawyering manifested in this case by the

---

[1] Back in 1797 Charles Cotesworth Pinckney, then our country's Minister to the French Republic, uttered what has become a famous aphorism:

> Millions for defence, but not a damned penny for tribute.

How well that concept might sit with Chicago's taxpayers, with the payment of lawyers' fees to those outside law firm coupled with the risk of substantial adverse damage awards if more lawsuits are tried and lost, is a subject that will not be addressed here.

just-filed Answer and Affirmative Defenses ("ADs") to the First Amended Complaint ("FAC") brought by Dagoberto Favila and Emma Estevane against the City of Chicago ("City") and Sergeant DeJesus (outside counsel's clients) and a group of individual Chicago Police officers whom the firm does not represent.

To begin with, Answer ¶¶1, 2 and 9 through 11 fail to conform to the disclaimer prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for getting the benefit of a deemed denial of the corresponding allegations in the Complaint--in that respect, see App'x ¶1 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Accordingly all those paragraphs of the Answer are stricken.

Next, the Answer becomes totally murky because of the sloppy--even ungrammatical--usage that begins with the responses to Count II and pervades the Answer thereafter. Up to that point the Answer's consistent references to counsel's present clients collectively as "Defendants," rather than speaking of City and the Sergeant individually, have posed no problems, because all of the responses are in fact made by both of those parties. Accordingly no other change in Answer ¶¶1 through 23 are called for.

But the response to Count II begins with a disclaimer that the allegations there are directed at City, to which the disclaimer then refers as "this Defendant." Yet the substantive

responses in Answer ¶¶27 through 30 inexplicably use that identical term "this Defendant" even though those references presumably denote Sergeant DeJesus. To call that usage careless is an understatement, and that is equally true of Answer ¶27, which employs "this Defendant" in the singular but then twice refers to "their Answer."

Those identical blunders appear in the response to Count III. Again the response begins with an identical disclaimer and continues with the identical unacceptable usage in Answer ¶¶31 through 33.

No problem is presented by the answer to Count IV, because both City and Sergeant DeJesus correctly disclaim their being targeted as defendants there. But the same improper usage as in Counts II and III continues in Count V, where a disclaimer is made by Sergeant DeJesus alone (then referred to as "this Defendant") and Answer ¶¶37 through 39 then employ a slight but still confusing variant ("the Defendant") in presumably referring to City. Finally, the response to Count VI employs the identical usage as the response to Count V and is equally inappropriate.

So much for the Answer. But the ADs are also unacceptable in principal part:

    1. AD 1 ¶1 asserts qualified immunity "[t]o the extent the Defendants, were acting in the scope of their employment as City of Chicago Police Officers and under color of law."

3

Even apart from the unacceptability of such an AD because it is inconsistent with allegations of the FAC--see App'x ¶5 to State Farm--it is flat-out wrong as a matter of law.

2. AD 1 ¶2 begins:

> Any injuries suffered by the plaintiffs were the direct and proximate cause of their own negligent, willful or deliberate conduct.

That too is unacceptable as an AD, for it directly and impermissibly contradicts the FAC's allegations and thus also does not qualify for AD treatment.

3. AD 1 ¶3's assertion that the use of force against plaintiffs was justifiable to protect against the imminent use of physical force <u>by</u> the plaintiffs is also directly contradicted by the FAC's allegations. It too is improper as an AD.

4. AD 3 also fails for the same reason--if the FAC's allegations are credited (as they must be for AD purposes), plaintiffs were gratuitously set upon by the police officers, rather than assertedly being negligent in the respects set out in AD 3.

5. AD 4 is improper as well, because the FAC clearly alleges wilful and wanton conduct on the part of City's police officers.

6. AD 5 is an inappropriate straw man, because the only two counts advanced against City--Counts V and VI--do

not assert its liability in the respects disclaimed by that AD.

7. That "straw man" characterization is equally applicable to ADs 6 and 7.

In sum, the errors in the responsive pleading are so numerous and so all-pervasive that a simple amendment to that pleading cannot suffice. Accordingly the Answer and ADs are stricken in their entirety, but with leave granted to file a self-contained proper Amended Answer on or before October 9, 2009.[2]

No charge is to be made to City or DeJesus by their counsel for the added work and expense incurred in correcting counsel's errors. Counsel for those defendants are ordered to apprise their clients to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: September 23, 2009

---

[2] Because only one of the present ADs has survived, every attempted assertion of an AD in the revised pleading must conform to the requirements of Rule 8(c) and the caselaw applying it (again see App'x ¶5 to State Farm).

5